UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jason Jones,<br><br>               Plaintiff,<br><br>    v.<br><br>State of Nevada,<br><br>              Defendant. | Case No. 2:22-cv-00935-ART-BNW<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

Presently before the Court is *pro se* Plaintiff's complaint and application to proceed *in forma pauperis*. ECF No. 4.

### I.  *In Forma Pauperis* Application

Plaintiff submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

The Court now screens Plaintiff's complaint as required by 28 U.S.C. § 1915(e)(2).

### II.  Screening

In screening a complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it contains "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).

Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Here, Plaintiff brings a Section 1983 claim challenging the constitutionality of Senate Bill 182. ECF No. 4-1. He seeks: (1) to vacate his conviction; (2) have Senate Bill 182 "removed;" (3) "remove" any works "derived" from Senate Bill 182; (4) to receive a prevailing wage for the years he was incarcerated; and (5) to charge all individuals who were put on notice of the "facially defective Senate Bill 182." *Id.* at 10.

There are two primary problems with Plaintiff's complaint.

First, Plaintiff may not challenge his conviction under Section 1983. If a Section 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through a similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who was convicted of a crime is barred from bringing a suit under Section 1983 if a judgment in favor of that party would necessarily imply the invalidity of the conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007) (*citing Heck*, 512 U.S. at 114). Accordingly, Plaintiff may not challenge his conviction or seek damages under Section 1983 in this case.

Second, Plaintiff's constitutional challenge to Senate Bill 182 fails. Plaintiff contends that Senate Bill No. 182, which created the Statute Revision Commission (the "Commission") is unconstitutional. *See* ECF No. 4-1 at 1. Plaintiff argues that the inclusion of three Nevada Supreme Court Justices on the Commission improperly delegated legislative powers to the judiciary, rendering the Commission unconstitutional. *Id.* at 1-3. According to Plaintiff, the

Commission revised and compiled various defective "instrument[s]", including voting ballets. *Id.* at 5. Plaintiff argues that because the Commission worked on the voting ballets, they were defective and so the judge in his criminal case was "never voted for," invalidating his criminal conviction. *Id.* Plaintiff contends the Commission's actions violated his constitutional rights to procedural due process and substantive due process, the Equal Protection Clause of the Fourteenth Amendment, and the Judicial Code of Conduct. *Id.* at 1, 3, 8.

There have been at least 10 other, similar challenges to the Commission in this District; all have failed, and so does Plaintiff's. *See Marquez-Perez v. Nevada*, No. 222CV00796GMNDJA, 2022 WL 14874980, at *2 (D. Nev. Oct. 25, 2022) (compiling cases). This Court will not reinvent the wheel. As Judge Navarro aptly noted,

> The Nevada Supreme Court recently addressed a similar issue in *State v. Taylor*, 472 P.3d 195 (Nev. 2020) (table). In *Taylor*, the appellant claimed that his counsel was ineffective because they failed to challenge the constitutionality of the Statute Revision Commission. *Id.* at 195 at 5. There, the court held that the Justices sitting on the Commission did not violate a constitutional provision because "the Legislative Counsel Bureau — which succeeded the statute revision commission — codifies and classifies" laws "in a logical order, but not itself exercising the legislative function." *Id.* The Court held that the trial court did not err in denying the appellant's claim because she failed to show how the Commission "encroached upon the powers of another branch of government, violating the separation of powers." *Id.*; *see Comm'n of Ethics v. Hardy*, 212 P.3d 1098, 1103 (2009) ("The purpose of the separation of powers doctrine is to prevent one branch from encroaching on the powers of another branch.").

*Id.* at *2.

Here, Plaintiff claims that the Commission was unconstitutional because of the inclusion of three Justices. ECF No. 4-1 at 1. Plaintiff does not, however, explain how

> the Commission "unconstitutionally encroached upon another branch of government and violated the separation of powers doctrine." *Brant v. Nevada*, No. 22-cv-01205, 2022 WL 4111002, at *3 (D. Nev. Sept. 7, 2022). "To properly state a claim, Plaintiff must illustrate ... how Justice Merrill, Justice Badt, and Justice Eather 'violated the constitution by serving in a nonjudicial public office' and 'improperly encroached upon the powers of another branch of government, violating the separation of powers.'" *Id.* (quoting *Taylor*, 472 P.3d 195 at 5).

*Id.* at *3; *see* ECF No. 4-1. Accordingly, the Court recommends that Plaintiff's complaint be dismissed "because it lacks an arguable basis either in law or in fact." *Id.* (citing *Igbinovia v. McDaniel*, No. 3:10-cv-00525, 2010 WL 5288167, at *2 (D. Nev. Dec. 17, 2010) ("All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact.")).

### III.   Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff Jason Jones' Application to Proceed *In Forma Pauperis* (ECF No. 4) is GRANTED. Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Nevada Department of Corrections will forward payments from the account of Jason Jones, Inmate No. 1101740 to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Corrections,** P.O. Box 7011, Carson City, NV 89702.

**IT IS FURTHER ORDERED** that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act.

**IT IS FURTHER RECOMMENDED** that the complaint (ECF No. 4) be DISMISSED with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motions at ECF Nos. 5 and 6 be DENIED as moot.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within 14 days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: November 23, 2022

Brenda Weksler
United States Magistrate Judge